FILED

APR 1 2 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT FOR
## DISTRICT OF COLUMBIA

ESTATE OF CHARLES BARNES )
ARCHIE PORTER Personal Representative )
920 Jefferson Street, N.E. )
Washington, D.C. )

                 )            Civil Case No.

             Plaintiffs, )

           )

    vs. )

           )

PRINCE GEORGE'S COUNTY, MARYLAND )
County Administration Building )
14741 Governor Oden Bowie Drive )
Upper Marlboro, Maryland 20772 )

JACK JOHNSON, County Executive
County Administration Building
14741 Governor Oden Bowie Drive
Upper Marlboro, Maryland 20772

*JURY ACTION*

CASE NUMBER   1:06CV00667

JUDGE: John D. Bates

DECK TYPE: Personal Injury/Malpractic

DATE STAMP: 04/12/2006

CORPORAL BRIAN PADGETT, Individually )
And in his capacity as Police Officer at the )
Third District Police Department )
7600 Barlowe Road )
Landover, Maryland 20785 )

           )

    and )

           )

MELVIN C. HIGH, Individually )
And in his capacity as the )
Chief of Police for Prince George's County, Maryland )
and as Supervisor of Police Officer Brian Padgett )
7600 Barlowe Road )
Landover, Maryland 20785 )

           )

            Defendants. )

## COMPLAINT AND DEMAND FOR JURY TRIAL

1

**COMES NOW**, Plaintiff Archie Porter, individually and in his capacity as father and acting Personal Representative and Next Friend of CHARLES BARNES, deceased (herein after referred to as Plaintiff) by and through the Law Firm of Blair & Lee, P.C. and their attorney, Walter  L. Blair, Esquire sue the Defendants:  Prince George's County, Maryland, Corporal Brian Padgett, and Jack Johnson in his representative capacity for Prince George's County, Maryland and Melvin High, Chief of Police for Prince George's County, Maryland.

### PART ONE – THE PARTIES

1.    During all times in this Complaint, Plaintiffs Charles Barnes and Archie Porter were and still are African American citizens of the United States.  Deceased Charles Barnes lived in Prince George's County, his father, Archie Porter, and at all times relevant, lived in Prince George's County.

2.    At all times hereto, Prince George's County remains a geographical and political subdivision of the United States of America, empowered by the Constitution of the United States of America, to sue and be sued in its own right, and is and was a municipal corporation known as Prince George's County, Maryland responsible for the delivery of law enforcement services to the people of Prince George's County, Maryland, and to that end, by agreement, retained the named Defendant police officers and Police Chief Melvin C. High to deliver said governmental and police services to citizens of the Prince George's County of which Charles Barnes was a citizen.

3.    Charles Barnes, deceased, now represented by Plaintiff Archie Porter, was an African American citizen of Prince George's County until April 30, 2005 when all

Defendants, jointly, and severally were responsible for shooting him, shot him in Prince George's County with a gun and caused him to die from said gun shot by the hands of Defendant, Brian Padgett on April 23, 2005 in Prince George's County.

4.     Defendant, Officer Brian Padgett, a white male (herein after Padgett) was employed as a police officer of Prince George's County, and was acting under the color of law pursuant to his official capacity and his acts were performed under the color of the statures and ordinances of Prince George's County at the time that he shot Charles Barnes on April 23, 2005 in Prince George's County.

5.     Defendant, Police Chief, Melvin D. High (hereinafter High) at all times mentioned herein and material to this Complaint, was employed as the Police Chief of the Prince George's County and was acting under color of law and pursuant to his official capacity and his acts were performed under color of the statutes and ordinances of Prince George's County and is being sued individually, and being sued as the Police Chief and Supervisor and Trainer of Defendant, Brian Padgett in Prince George's Country.

## PART TWO JURISDICTION AND VENUE

6.     This is in part, an action to redress the deprivations under color of statute, ordinance, regulation, custom, or usage or a right, privilege, and immunity secured to the Plaintiffs by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. §§ 1983 and 1988, and arising under the laws, statutes, and Constitution of the United States of America.

7.     Venue is proper pursuant to 28 U.S.C. Section 1391.

3

8.    Plaintiffs hereby invoke the pendant jurisdiction and supplemental jurisdiction of this Honorable Court.

9.    The jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331, 1343 (1), (2), (3) and (4), and 28 U.S.C. Section 1332, Diversity of Citizenship, and the amount in controversy will exceeding the jurisdictional amount by millions of dollars this being an action authorized by law to redress the deprivations under color of state of law, statute, ordinance, regulation, custom and usage of a right privilege, and immunity secured to the Plaintiff by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. §§ 1981and 1988.

PART THREE – UNDERLYING FACTUAL ALLEGATIONS

10.    On or about April 23, 2005 at approximately 10:30 p.m., Plaintiff, Charles Barnes had left his sister's house and gone to visit his cousin, Shanelle Lloyd to play cards.

11.    About thirty minutes later, Charles went outside.  His friend, Marcus heard a gunshot.  When Marcus met with Charles, he told Charles to stop firing the gun. Charles shot one in the ground and twice in the air.

12.    At no time was Charles shooting at anyone nor did Marcus believe that he was in danger or that Charles intended to harm himself.

13.    Officer Padgett arrived on the scene alone, without back-up and overly fearful of harm to himself due to not following proper police procedure of waiting for back-up.

4

14.    Officer Padgett ordered Barnes to put his hands up.  He then ordered Barnes to put the gun down.

15.    As Barnes was putting the gun down, Padgett shot once.

16.    Barnes at that very moment ducked down behind the car.

17.    Marcus told Padgett not to shoot because Barnes wasn't pointing the gun at any one nor had Barnes fired the gun.

18.    Padgett responded, "Shut the f_ _ _ up before I shoot you."

19.    Padgett turned toward Barnes, stepped to the side and fired at Barnes again this time hitting Barnes in the head.

20.    Immediately prior, all present including Padgett could see Barnes had nothing in his hand.  In fact, Padgett could see Barnes had dropped the gun as the palm of Barnes' hand was facing Padgett.

21.    Padgett shot Barnes in the right side of his head.

22.    Padgett refused to check Barnes to ascertain whether Barnes was alive despite a request from Marcus.

23.    Barnes dies on April 30, 2005 from Padgett's shooting.

24.    All Defendants named herein, the Prince George's County, Maryland, Padgett, High are located and functioned within Prince George's County, Maryland, when Padgett shot Defendant, Charles Barnes, on April 23, 2005, causing him to suffer substantially and seriously, before dying on April 30, 2005 in the Prince George's County, Maryland which wrongful conduct by Defendants violated Barnes United

States Civil Rights and the relevant laws of the Prince George's County, Maryland from which Plaintiff Barnes and Porter now sue Defendants.

25.    Defendants, Prince George's County and High are being sued because Defendants, where otherwise alleged, negligently hired Padgett, and are sued jointly and individually, failed to properly train Defendants Padgett and High, and particularly all Defendants, acting separately and in concert, acted willfully, maliciously, knowingly, and purposefully with specific intent, to deprive the Plaintiff, Charles Barnes, deceased and Plaintiffs Porter and Barnes of their rights, privileges, and immunities secured to them by the Constitution of the United States, including, but not limited to, the following: freedom from illegal detention or imprisonment; freedom from unreasonable force; freedom from physical abuse; freedom from deadly force, coercion and intimidation; the right to due process; the right to life; the right to liberty; and the right to property. All of these rights were secured to Charles Barnes, deceased, by the provisions of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 United States Code Section 1983 and by Title 18 United States Code Section 245.

26.    The acts alleged herein were intentionally performed by all Defendants, without legal justification or excuse, but with malice and an evil or rancorous motive influenced by hate, the purpose being to deliberately and willfully injure and kill Charles Barnes, deceased.

27.    As a direct and proximate result of the aforesaid acts of the Defendants, (Prince George's County, Padgett and High), Barnes suffered substantial pain and

suffering and bodily injury to his head and Plaintiffs Porter and Barnes suffer present
and future mental anguish; present and future loss of work, wages and property;
present and future medical care and treatment; pain and suffering; loss of love and
affection; and loss of society.

28.    As a direct and proximate result of the aforesaid acts of Defendants,
Charles Barnes, deceased, was shot with a police bullet and suffered past and future
loss of work and Plaintiffs Porter and Barnes suffered psychological damage from said
incident and from which shooting resulted in Charles Barnes wrongful death.

WHEREFORE, Plaintiffs demand judgment against Defendants, Prince George's
County, Padgett and High, jointly and severally, in the amount.

### PART FOUR-COUNTS

#### 1. COUNT ONE-Federal Civil Rights Violation

29.    Plaintiff adopts and incorporates by reference the allegations contained in
paragraphs 1 through 28 of this Complaint, as if fully re alleged herein.

30.    During all times mentioned herein, all Defendants herein separately and
in concert, engaged in illegal conduct herein mentioned, to the injury of Charles Barnes,
causing serious bodily injuries and suffering and the wrongful death of Charles Barnes,
thereby depriving Plaintiffs Porter and Barnes of their then existing and clearly
established rights, privileges, and immunities secured to them by the Fourth, Fifth and
Fourteenth Amendments to the Constitution of the United States and the laws of the
United States, under circumstances in which no reasonable officer, officers or

supervisors, would have failed to realize that such activity constituted a violation of Plaintiffs' rights.

31.    All Defendants named herein are agents and employees of the Defendant, Prince George's County, acting under color of law, have subjected Plaintiff Barnes to conduct constituting use of excessive force, police misconduct, use of unnecessary force, and use of deadly force, in denial of rights, privileges, and immunities guaranteed to Plaintiffs and other citizens by the Constitution of the United States.

32.    All Defendants' wrongful conduct consists of individual acts of excessive force, police misconduct, police brutality, false arrest, false imprisonment, improper supervision, use of unreasonable force and use of deadly force, specifically including, but not limited to, shooting Charles Barnes, from which police gunshot wound Charles Barnes did subsequently die; failure to follow proper protocol; failure to use appropriate non-deadly force; failure to use reasonable conduct; failure to take appropriate and reasonable steps which would reasonably have prevented the need to use force (deadly force) in the first place, failure to adequately assess the need to use force, failure to adequately assess the need for self-defense, failure to reasonably warn Charles Barnes, deceased, either by vocal command or other means, of the potential use of force and deadly force, and failure to carry out proper police procedure and protocol, which were visited on Charles Barnes, deceased, by Defendants Prince George's County, Padgett and High, agents and employees of Defendant Prince George's County, acting under color of law.  These acts of violence, including deadly force, while carried out under color of law, have no justification or excuse in law, and are instead

8

gratuitous, illegal, improper, objectively unreasonable, and unrelated to any activity in which police officers may appropriately and legally engage in the course of protecting persons or property or ensuring civil order.

33.    The wrongful acts of Defendants alleged herein, clearly violated United States Constitutionally, guaranteed rights of the Plaintiffs, and were not objective, reasonable, and were done under circumstances in which no reasonable officer(s) would fail to realize that his or her conduct was a violation of Plaintiffs' rights.

34.    All Defendants had actual knowledge or in the reasonable and diligent exercise of their duties should have known, of the aforesaid acts of each of the respective Defendants, as they were all involved in or caused the police shooting and wrongful death of Charles Barnes.

35.    All Defendants acted negligently, wantonly, recklessly, and with deliberate indifference, including failure to properly supervise and failure to intervene therein, to prevent the aforesaid violations of Charles Barnes and Plaintiffs' clearly established and then existing rights under the law and Constitution of the United States and other rights, and failure to prevent the harmful police shooting and subsequent death of Charles Barnes.

36.    All Defendants are being sued because Defendants negligently hired and negligently separately and individually trained Defendant Padgett and High, without which negligence, Padgett and High would not have harmed, injured, shot and subsequently killed Plaintiff, Charles Barnes.

37.    All Defendants individually and in concert with each other, acted outside

9

the scope of their jurisdiction and without authority of law, and particularly, Defendants Padgett and High, acting separately and in concert, acted willfully, knowingly and purposefully with specific intent, to deprive the Plaintiffs and Charles Barnes, deceased, of their rights, privileges, and immunities secured to them by the Constitution of the United States, including, but not limited to the following: freedom from illegal detention or imprisonment, freedom from unreasonable force, freedom from physical abuse freedom from deadly force, coercion and intimidation, the right to due process, the right to life, the right to liberty, and the right to property. All of these rights are secured Charles Barnes, deceased, by the provisions of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 United States Code §§ 1983 and 1988 and by Title 19 United States Code § 245.

38.    The acts alleged herein were intentionally performed by all Defendants without legal justification or excuse, but with malice and an evil or rancorous motive influenced by hate, the purpose being to deliberately and willfully injure and kill Charles Barnes, deceased.

39.    As a direct and proximate result of the aforesaid acts of the Defendants, Charles Barnes, deceased, suffered substantial pain and suffering and bodily injuries about her chest, body and limbs, and Plaintiffs suffer present and future mental anguish, present and future loss of work, wages and property, present and future medical care and treatment, and pain and suffering.

40.    As a direct and proximate result of the aforesaid acts of Defendants,

Charles Barnes, deceased, was falsely shot with a police bullet and suffered past and future loss of work and psychological damage, pain and suffering, and which shooting resulted in Charles' wrongful death.

**WHEREFORE,** Plaintiffs demand judgment against Defendants Prince George's County, Padgett and High, jointly and severally, in the amount of Thirty Million Dollars ($30,000,000.00) in compensatory damages and, jointly and severally against all Defendants for punitive damages in the amount of Fifty Million Dollars ($50,000,000.00), plus interest, pre-judgment interest, post-judgment interest, attorneys fees and costs.

## COUNT II – MARYLAND CIVIL RIGHTS

41.    Plaintiffs adopt and incorporate by reference the allegations contained in paragraphs 28 through 40 as if fully re-alleged herein.

42.    This is in part, an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of a right, privilege, and immunity secured to the Plaintiffs by the United States Constitution and laws of the Prince George's County.

43.    During all relevant times mentioned herein, all Defendants, separately and in concert, engaged in the illegal conduct herein mentioned, to the injury and subsequent killing of Charles Barnes, deceased, as alleged by Plaintiffs Reed and Hamm, to deprive Plaintiffs and Charles Barnes of their then existing and clearly established rights, privileges and immunities secured to them by the United States Constitution and the laws of the Prince George's County.

44.    All Defendants are being sued because it negligently hired and negligently trained Padgett and High, without which negligence Defendant Padgett, would not have harmed, injured, shot, and subsequently killed Charles Barnes.

45.    All Defendants acting under color of law, have subjected the Plaintiffs to conduct consisting of unreasonable, unnecessary, excessive force, deadly force, and police misconduct and false imprisonment, in denial of rights, privileges and immunities guaranteed to Charles Barnes, deceased, by the United States Constitution and laws of the Prince George's County.

46.    This conduct consists of individual acts of excessive force, police misconduct, police brutality, improper supervision, use of unreasonable force and use of deadly force, specifically including, but not limited to, shooting Charles Barnes from which police gunshot wrongfully wounded Charles Barnes who subsequently died, failure to take appropriate and reasonable steps which would reasonably have prevented the need to use force (deadly force) in the first place, failure to adequately assess the need to use force, failure to adequately assess the need for self-defense, failure to warn Charles Barnes, deceased, either by vocal command or other means, of the potential use of force and deadly force, and failure to carry out proper police procedure and protocol, which were visited on the Charles Barnes, deceased by Defendants Padgett and High agents and employees of Defendant, Prince George's County, acting under color of law.  These acts of violence, including deadly force, while carried out under color of law have no justification or excuse in law, and are instead gratuitous, illegal, improper, objectively unreasonable, and unrelated to any

activity in which police officers may appropriately and legally engage in the course of protecting persons or property or ensuring civil order.

47.    The acts alleged herein violated clearly established constitutional rights of the Plaintiffs and were not objective, reasonable and were done under circumstances in which no reasonable officer would fail to realize that his or her conduct was a violation the Plaintiffs' rights.

48.    All Defendants had actual knowledge or in the reasonable and diligent exercise of their duties should have known, of the aforesaid acts of each of the respective Defendants, as they were all involved in the police shooting and wrongful death of Charles Barnes.

49.    All Defendants acted negligently, wantonly, recklessly, and with deliberate indifference, including failure to properly supervise and failure to intervene therein, to prevent the aforesaid violations of Charles Barnes's clearly established and then existing rights under the law and Constitution of the United States and other rights, and failure to prevent the harmful, police shooting and subsequent death of Charles Barnes.

50.    All Defendants, individually and in concert with each other, acted outside the scope of their jurisdiction and without authority of law, and particularly Defendants Padgett and High, acting individually and in concert, acted willfully, knowingly, and purposefully with specific intent, to deprive the Plaintiffs and Charles Barnes, deceased of their rights, privileges, and immunities secured to them by the Constitution of the United States, including, but not limited to, the following: freedom from illegal

detention or imprisonment; freedom from unreasonable force; freedom from physical abuse, freedom from deadly force, coercion, and intimidation; the right to due process; the right to life; the right to liberty; and the right to property. All of these rights are secured to the Charles Barnes, deceased by the provisions of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 United States Code § 1983 and 1988; and by Title 18 United States Code § 245.

51.    The acts alleged herein were intentionally performed, without legal justification or excuse, but with malice and an evil or rancorous motive influenced by hate, the purpose being to deliberately and willfully injure and kill Charles Barnes, deceased.

52.    As a direct and proximate result of the aforesaid acts of the Defendants, Charles Barnes, deceased, suffered substantial pain and suffering and bodily injury about her head, body and limbs, and Plaintiffs suffers present and future mental anguish, present and future loss of work, wages and property, present and future medical care and treatment, and pain and suffering.

53.    As a direct and proximate result of the aforesaid acts of Defendants, Charles Barnes, deceased, was falsely arrested, falsely imprisoned, assaulted, battered, shot with a police bullet  and suffered past and future loss of work and psychological damage and which shooting resulted in Charles Barnes's wrongful death.

54.    All Defendants, individually and in concert with each other, acted outside the scope of their jurisdiction and without authority of law, and particularly Defendants Padgett and High, acting individually and in concert, acted willfully,

14

knowingly, and purposefully with specific intent, to deprive the Plaintiffs and Charles

Barnes, Deceased of their rights, privileges, and immunities secured to them by the

Constitution of the United States, including, but not limited to, the following: freedom

from illegal detention or imprisonment; freedom from unreasonable force; freedom

from physical abuse, freedom from deadly force, coercion, and intimidation; the right to

due process; the right to life; the right to liberty; and the right to property.  All of these

rights are secured to the Charles Barnes, deceased by the provisions of the Fourth, Fifth

and Fourteenth Amendments to the Constitution of the United States, and by Title 42

United States Code § 1983 and 1988; and by Title 18 United States Code § 245.

   **WHEREFORE,** Plaintiffs demand judgment against Defendants, Prince George's

County, Padgett and High, jointly and severally, in the amount of  thirty million dollars

($30,000,000.00) in compensatory damages and, jointly and severally against all

Defendants punitive damages in the amount of fifty million dollars ($50,000,000.00),

plus interest, pre-judgment interest, post-judgment interest, attorneys fees and costs.

COUNT III– WRONGFUL DEATH

   55.    Plaintiffs adopts and incorporates by reference, the allegations contained

in Paragraphs 40 through 54 of this Complaint, as if fully re-alleged herein.

   56.    During all times mentioned herein, Defendants Prince George's County,

Padgett and High, individually and in concert, engaged in illegal conduct herein

mentioned, to the injury of Charles Barnes, causing serious bodily injuries and suffering

and the wrongful death of Charles Barnes, thereby depriving Plaintiffs and other family

15

members of Charles Barnes represented by Plaintiffs Archie Porter of their then existing and clearly established rights, privileges, and immunities secured to them by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and the laws of the United States, under circumstances in which no reasonable officer, officers or supervisor would have failed to realize that such activity constituted a violation of Plaintiffs' right.

57.    All Defendants who are agents and employees of the Defendant, Prince George's County, acting under color of law, have subjected the Plaintiffs to conduct constituting use of excessive force, police misconduct, use of unnecessary force, and use of deadly force, in denial of rights, privileges, and immunities guaranteed to the Plaintiffs, and other citizens, by the Constitution of the United States.

58.    All Defendants, separately and in concert with each other, acted outside the scope of their jurisdiction and without authority of law, and particularly Defendant Padgett and High, acting individually and in concert, acted maliciously, willfully, knowingly, and purposefully with specific intent, to deprive Charles Barnes of her life which Defendants took wrongfully and unlawfully and to deprive Plaintiffs and Charles Barnes of his life which Defendants took wrongfully and unlawfully and to deprive Plaintiffs and Charles Barnes, deceased, of their rights, privileges, and immunities secured to them by the Constitution of the United States, including, but not limited to the following: freedom from illegal detention or imprisonment; freedom from unreasonable force; freedom from physical abuse; freedom from deadly force, coercion, and intimidation; the right to due process; the right to life; the right to liberty; and the

right to property. All of these rights are secured to Charles Barnes, deceased by the provisions of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 United States Code § 1983 and 1988; and by Title 18 United States Code § 245.

59.     The acts alleged herein were intentionally performed, without legal justification or excuse, but with malice and an evil or rancorous motive influenced by hate, the purpose being to deliberately and willfully injure and kill Charles Barnes, deceased.

60.     This is, in part, an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of right, privilege, and immunity secured to Plaintiffs by the United States Constitution and the laws of the Prince George's County, including but not limited to the Wrongful Death Act D.C. Code 1973 §16-2701 to 2703 et. seg.

61.     During all relevant times mentioned herein, all Defendants, separately and in concert, engaged in the illegal conduct herein mentioned, injure and subsequently wrongfully kill Charles Barnes, deceased, as alleged by Plaintiffs Porter and Barnes on behalf of the said minor children and all family members of Charles Barnes, to deprive Plaintiffs and Charles Barnes of their then existing and clearly established rights, privileges, and immunities secured to them by the United States Constitution and the laws of the Prince George's County.

62.     All Defendants, separately and in concert with each other, acted outside the scope of their jurisdiction and without authority of law, and particularly Defendant

Padgett and High, acting separately and in concert, acted willfully, knowingly, and purposefully with specific intent, to deprive the Plaintiffs and Charles Barnes of their rights, privileges, and immunities secured to them by the Constitution of the United States, including, but not limited to, the following: freedom from illegal detention or imprisonment; freedom from unreasonable force; freedom from physical abuse, freedom from deadly force, coercion, and intimidation; the right to due process; the right to life; the right to liberty; and the right to property. All of these rights are secured to Charles Barnes, deceased by the provisions of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 United States Code § 1983 and 1988; and by Title 18 United States Code § 245.

63.    All Defendants are being sued because they negligently hired and negligently trained Padgett, without which negligence Defendant Padgett would not have harmed, injured, shoot, and subsequently killed Charles Barnes.

64.    All Defendants, actions alleged herein were intentionally performed, without legal justification or excuse, but with malice and an evil or rancorous motive influenced by hate, the purpose being to deliberately, willfully injure and case the wrongful death of Charles Barnes deceased.

**WHEREFORE**, Plaintiffs demand judgment against Defendant, Prince George's County, Padgett and High, jointly and severally, in the amount of thirty million dollars ($30,000,000.00) in compensatory damages and jointly and severally against all Defendants for punitive damages in the amount of fifty million dollars ($50,000,000.00), plus interest, prejudgment interest, post judgment interest, attorneys fees and costs.

## COUNT V – NEGLIGENCE

65.     Plaintiffs adopts and incorporates by reference, the allegations contained in Paragraphs 59 through 64 of this Complaint, as if fully realleged herein.

66.     All of these rights which were violated by all Defendants were secured to the     Plaintiffs by the provisions of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 United States Code § 1983 and 1988; and by Title 18 United States Code § 245.

67.     During all relevant times mentioned herein, all Defendants, individually and in concert, engaged in the illegal conduct herein mentioned, to injure and subsequently wrongfully killed Charles Barnes, Deceased, as alleged by Plaintiffs Reed and Hamm to deprive Charles Barnes and Plaintiffs of their then existing and clearly established rights, privileges, and immunities secured to them by the United States and the Prince George's County laws.

68.     All Defendants jointly and severally had a duty to act with reasonable care so as not to harm, injure or wrongfully interfere with Charles Barnes on or about April 26, 2003.

69.     Defendants breached their duty by unreasonably causing Defendant Fitch to wrongfully shoot Charles Barnes without cause and without any justification.

70.     Defendants jointly and severally had a duty to act peacefully and safely for the care of Charles Barnes, a citizen of the United States, which breach of duty was the proximate cause of Charles Barnes's serious injuries from which wrongful and

negligent shooting (including gross negligence and reckless shooting) Charles Barnes subsequently suffered pain and discomfort then died.

**WHEREFORE,** Plaintiffs demand judgment against Defendants, Prince George's County, John Fitch, Charles H. Ramsey, John Doe, jointly and severally, in the amount of thirty million dollars ($30,000,000.00) in compensatory damages and, jointly and severally against all Defendants for punitive damages in the amount of fifty million dollars ($50,000,000.00), plus interest, prejudgment interest, post judgment interest, attorneys fees and costs.

<u>COUNT SIX – ASSAULT AND BATTERY</u>

71.    Plaintiffs adopts and incorporates by reference, the allegations contained in Paragraphs 65 through 71 of this Complaint, as if fully re-alleged herein.

72.    All Defendants jointly and severally intentionally and recklessly acted deliberately on April 26, 2003, to cause Charles Barnes serious apprehension and fear of being seriously harmed, shot and killed.

73.    The harmful conduct and wrongful killing of Charles Barnes was not consented to by Plaintiffs or Charles Barnes, Deceased and Charles Barnes did nothing to justify or permit the harm and wrongful death he suffered by the wrongful conduct by these Defendants.

74.    All Defendants jointly and severally intentionally and recklessly, in concert and individually, acted deliberately to harm, and did harm and subsequently kill, Charles Barnes.

75.    The harmful conduct and wrongful killing of Charles Barnes were

20

wrongful against Plaintiffs and Charles Barnes, deceased and Charles Barnes did nothing to justify or permit the harm and wrongful death he suffered by the wrongful conduct by these Defendants.

**WHEREFORE,** Plaintiffs demand judgment against Defendants, Prince George's, Padgett and High, jointly and severally, in the amount of thirty million dollars ($30,000,000.00) in compensatory damages an, jointly and severally, in the amount of thirty million dollars ($30,000,000.00) in compensatory damages and, jointly and severally against all Defendants for punitive damages in the amount of fifty million dollars ($50,000,000.00), plus interest, prejudgment interest, post judgment interest, attorneys fees and costs.

COUNT VII – NEGLIGENT HIRING AND TRAINING

76.     Plaintiffs adopts and incorporates by reference, the allegations contained in Paragraphs 71 through 75 of this Complaint, as if fully re-alleged herein.

77.     All of these rights which were violated by all Defendants were secured to the Plaintiffs by the provisions of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 United States Code § 1983 and 1988; and by Title 18 United States Code § 245.

78.     During all relevant times mentioned herein, all Defendants, individually and in concert, engaged in the illegal conduct herein mentioned, to injure and subsequently wrongfully killed Charles Barnes, deceased as alleged by Plaintiffs Reed and Hamm to deprive Plaintiffs and Charles Barnes of them by the United States and Prince George's County laws.

21

79.    Defendant Prince George's County had a duty to act with reasonable care in hiring Police Officer Fitch and John Doe, his supervisor, so as not to harm, cause harm to citizens such as Charles Barnes in the exercise of their police duties, prior to the wrongful interference, injury and death of Charles Barnes on or about April 27, 2003.

80.    Said Defendant breached its duty by unreasonably hiring Defendant Padgett and High and failing to properly and reasonably train said Defendants, which breach of duty was the proximate cause of the wrongful death of Charles Barnes, deceased.

81.    The pain and suffering and subsequent wrongful killing of Charles Barnes would not have happened had it not been for the negligent, gross negligent hiring and training of Defendants Padgett and High by Defendant, Prince George's County.

82.    These Defendants jointly and severally breached their duty to act peacefully and safely for the care of Charles Barnes, a citizen of the United States, which breach of duty was the proximate cause of Charles Barnes' serious injuries from which wrongful, negligent, wanton and reckless shooting (including gross negligence and malicious shooting)  Charles Barnes subsequently suffered then died.

83.    At all relevant times Defendants Padgett and High, were acting as the servant, agent, and employee of Defendant County within the scope of its duty and employment for said Defendant County.

**WHEREFORE,** Plaintiffs demand judgment against Defendants, Prince George's County, Padgett and High, jointly and severally, in the amount of thirty million dollars

($30,000,000.00) in compensatory damages and, jointly and severally against all Defendants for punitive damages in the amount of fifty million dollars ($50,000,000;00), plus interest, prejudgment interest, post judgment interest, attorneys fees and costs.

## COUNT VIII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

84.     Plaintiffs adopts and incorporates by reference, the allegations contained in the Paragraphs 75through 83of this Complaint, as if fully re-alleged herein.

85.     All Defendants' conduct was negligently, recklessly, and gross negligently committed against Plaintiffs.

86.     Defendants' conduct was extreme and outrageous which shocked the conscience of the ordinary and reasonable person.

87.     Defendants' conduct caused emotional distress to Plaintiffs.

88.     The emotional distress was and is severe.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, Prince George's County, John Fitch, Charles H. Ramsey, John Doe, jointly and severally, in the amount of thirty million dollars ($30,000,000.00) in compensatory damages and, jointly and severally against all Defendants for punitive damages in the amount of fifty million dollars ($50,000,000.00), plus interest, prejudgment interest, post judgment interest, attorneys fees and costs.

## **PRAYER FOR JURY TRIAL**

**COMES NOW**, Plaintiffs Porter and Barnes their attorneys, Walter L. Blair, Esquire and respectfully requests a jury trial.

**WHEREFORE,** Plaintiffs demand judgment against Defendants, Prince George's County, John Fitch, Charles H. Ramsey, John Doe, jointly and severally, in the amount of thirty million dollars ($30,000,000.00) in compensatory damages and, jointly and severally against all Defendants for punitive damages in the amount of fifty million dollars ($50,000,000.00), plus interest, prejudgment interest, post judgment interest, attorneys fees and costs.

### PRAYER FOR JURY TRIAL

**COMES NOW,** Plaintiffs Porter and Barnes their attorneys, Walter L. Blair, Esquire and respectfully requests a jury trial.

Respectfully submitted,
**BLAIR & LEE, P.C.**

By:

George H. Smith, Esquire
Federal Bar No. 358866
4701 Melbourne Place
College Park, MD 20740
(301) 474-4700
*Counsel for Plaintiffs*

Walter L. Blair, Esquire
Federal Bar No. 13296
4701 Melbourne Place
College Park, MD 20740
(301) 474-4700
*Counsel for Plaintiffs*

I SOLEMNLY AFFIRM UNDER PENALTY OF PERJURY THAT THE CONTENT OF THE FOREGOING COMPLAINT IS TRUE TO THE BEST OF MY PERSONAL KNOWLEDGE, INFORMATION AND BELIEF.

24

ARCHIE PORTER, in his Individual
Capacity, as parent and acting
Personal Representative and Next Friend of
CHARLES BARNES, deceased,
902 Jefferson St. N.E.
Washington, D.C.

SVL/elk
C:\Lee\SVL - B\Barnes, Charles  complaint