## IN THE UNITED STATES DISTRICT COURT FOR
## DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF CHARLES BARNES )<br>ARCHIE PORTER Personal Representative )<br>920 Jefferson Street, N.E. )<br>Washington, D.C. )<br> )<br>Plaintiffs, )<br> )<br>vs. )<br> )<br>PRINCE GEORGE'S COUNTY, MARYLAND )<br>County Administration Building )<br>14741 Governor Oden Bowie Drive )<br>Upper Marlboro, Maryland 20772 )<br> )<br>JACK JOHNSON, County Executive )<br>County Administration Building )<br>14741 Governor Oden Bowie Drive )<br>Upper Marlboro, Maryland 20772 )<br> )<br>CORPORAL BRIAN PADGETT, Individually )<br>And in his capacity as Police Officer at the )<br>Third District Police Department )<br>7600 Barlowe Road )<br>Landover, Maryland 20785 )<br> )<br>and )<br> )<br>MELVIN C. HIGH, Individually )<br>And in his capacity as the )<br>Chief of Police for Prince George's County, Maryland )<br>and as Supervisor of Police Officer Brian Padgett )<br>7600 Barlowe Road )<br>Landover, Maryland 20785 )<br> )<br>Defendants. )<br>)  | Civil Case No. 06-0667 JDB |

## FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW**, Plaintiff Archie Porter, individually and in his capacity as father and

acting Personal Representative and Next Friend of CHARLES BARNES, deceased (herein after

referred to as Plaintiff) by and through the Law Firm of Blair & Lee, P.C. and their attorney,

Walter L. Blair, Esquire sue the Defendants: Prince George's County, Maryland, Corporal

Brian Padgett, and Jack Johnson in his representative capacity for Prince George's County,

Maryland and Melvin High, Chief of Police for Prince George's County, Maryland.

## PART ONE – THE PARTIES

1.      During all times in this Complaint, Plaintiffs Charles Barnes and Archie Porter

were and still are African American citizens of the United States. Deceased Charles Barnes lived

in Prince George's County, his father, Archie Porter, and at all times relevant, lived in Prince

George's County.

2.      At all times hereto, Prince George's County remains a geographical and political

subdivision of the United States of America, empowered by the Constitution of the United States

of America, to sue and be sued in its own right, and is and was a municipal corporation known as

Prince George's County, Maryland responsible for the delivery of law enforcement services to

the people of Prince George's County, Maryland, and to that end, by agreement, retained the

named Defendant police officers and Police Chief Melvin C. High to deliver said governmental

and police services to citizens of the Prince George's County of which Charles Barnes was a

citizen.

3.      Charles Barnes, deceased, now represented by Plaintiff Archie Porter, was an

African American citizen of Prince George's County until April 30, 2005 when all Defendants,

jointly, and severally were responsible for shooting him, shot him in Prince George's County

with a gun and caused him to die from said gun shot by the hands of Defendant, Brian Padgett on

2

April 23, 2005 in Prince George's County.

4.    Defendant, Officer Brian Padgett, a white male (herein after Padgett) was employed as a police officer of Prince George's County, and was acting under the color of law pursuant to his official capacity and his acts were performed under the color of the statures and ordinances of Prince George's County at the time that he shot Charles Barnes on April 23, 2005 in Prince George's County.

5.    Defendant, Police Chief, Melvin D. High (hereinafter High) at all times mentioned herein and material to this Complaint, was employed as the Police Chief of the Prince George's County and was acting under color of law and pursuant to his official capacity and his acts were performed under color of the statutes and ordinances of Prince George's County and is being sued individually, and being sued as the Police Chief and Supervisor and Trainer of Defendant, Brian Padgett in Prince George's Country.

## PART TWO JURISDICTION AND VENUE

6.    This is in part, an action to redress the deprivations under color of statute, ordinance, regulation, custom, or usage or a right, privilege, and immunity secured to the Plaintiffs by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. §§ 1983 and 1988, and arising under the laws, statutes, and Constitution of the United States of America.

7.    Venue is proper pursuant to 28 U.S.C. Section 1391.

8.    Plaintiffs hereby invoke the pendant jurisdiction and supplemental

jurisdiction of this Honorable Court.

9.     The jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331, 1343 (1),

(2), (3) and (4), and 28 U.S.C. Section 1332, Diversity of Citizenship, and the amount in controversy

will exceeding the jurisdictional amount by millions of dollars this being an action authorized by law

to redress the deprivations under color of state of law, statute, ordinance, regulation, custom and

usage of a right privilege, and immunity secured to the Plaintiff by the Fourth, Fifth and Fourteenth

Amendments of the Constitution of the United States and 42 U.S.C. §§ 1981and 1988.

**10.     Jurisdiction is further founded on the Memorandum of Understanding**

**Between the Prince George's County Police Department, the District of Columbia, and the**

**United States Marshal for the District of Columbia for Coordinated Border Law Enforcement**

**dated 5/13/05 and 5/16/05 attached hereto and made apart hereof.**

PART THREE – UNDERLYING FACTUAL ALLEGATIONS

11.     On or about April 23, 2005 at approximately 10:30 p.m., Plaintiff, Charles Barnes

had left his sister's house and gone to visit his cousin, Shanelle Lloyd to play cards.

12.     About thirty minutes later, Charles went outside.  His friend, Marcus

heard a gunshot.  When Marcus met with Charles, he told Charles to stop firing the gun. Charles

shot one in the ground and twice in the air.

13.     At no time was Charles shooting at anyone nor did Marcus believe that he was in

danger or that Charles intended to harm himself.

4

14.    Officer Padgett arrived on the scene alone, without back-up and overly fearful of

harm to himself due to not following proper police procedure of waiting for back-up.

15.    Officer Padgett ordered Barnes to put his hands up.  He then ordered Barnes to put
the gun down.

16.    As Barnes was putting the gun down, Padgett shot once.

17.    Barnes at that very moment ducked down behind the car.

18.    Marcus told Padgett not to shoot because Barnes wasn't pointing the gun
at any one nor had Barnes fired the gun.

19.    Padgett responded, "Shut the f _ _ _ up before I shoot you."

20.    Padgett turned toward Barnes, stepped to the side and fired at Barnes
again this time hitting Barnes in the head.

21.    Immediately prior, all present including Padgett could see Barnes had nothing in
his hand.  In fact, Padgett could see Barnes had dropped the gun as the palm of Barnes' hand was
facing Padgett.

22.    Padgett shot Barnes in the right side of his head.

23.    Padgett refused to check Barnes to ascertain whether Barnes was alive
despite a request from Marcus.

24.    Barnes dies on April 30, 2005 from Padgett's shooting.

25.    All Defendants named herein, the Prince George's County, Maryland,
Padgett, High are located and functioned within Prince George's County, Maryland, when
Padgett shot Defendant, Charles Barnes, on April 23, 2005, causing him to suffer substantially
and seriously, before dying on April 30, 2005 in the Prince George's County, Maryland which
wrongful conduct by Defendants violated Barnes United States Civil Rights and the relevant

5

laws of the Prince George's County, Maryland from which Plaintiff Barnes and Porter now sue Defendants.

26.     Defendants, Prince George's County and High are being sued because Defendants, where otherwise alleged, negligently hired Padgett, and are sued jointly and individually, failed to properly train Defendants Padgett and High, and particularly all Defendants, acting separately and in concert, acted willfully, maliciously, knowingly, and purposefully with specific intent, to deprive the Plaintiff, Charles Barnes, deceased and Plaintiffs Porter and Barnes of their rights, privileges, and immunities secured to them by the Constitution of the United States, including, but not limited to, the following: freedom from illegal detention or imprisonment; freedom from unreasonable force; freedom from physical abuse; freedom from deadly force, coercion and intimidation; the right to due process; the right to life; the right to liberty; and the right to property.  All of these rights were secured to Charles Barnes, deceased, by the provisions of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 United States Code Section 1983 and by Title 18 United States Code Section 245.

27.     The acts alleged herein were intentionally performed by all Defendants, without legal justification or excuse, but with malice and an evil or rancorous motive influenced by hate, the purpose being to deliberately and willfully injure and kill Charles Barnes, deceased.

28.     As a direct and proximate result of the aforesaid acts of the Defendants, (Prince George's County, Padgett and  High), Barnes suffered substantial pain and suffering and bodily injury to his head and Plaintiffs Porter and Barnes suffer present and future mental anguish; present and future loss of work, wages and property; present and future medical care and treatment; pain and suffering; loss of love and affection; and loss of society.

29.     As a direct and proximate result of the aforesaid acts of Defendants,

Charles Barnes, deceased, was shot with a police bullet and suffered past and future loss of work and Plaintiffs Porter and Barnes suffered psychological damage from said incident and from which shooting resulted in Charles Barnes wrongful death.

WHEREFORE, Plaintiffs demand judgment against Defendants, Prince George's County, Padgett and High, jointly and severally, in the amount.

## PART FOUR-COUNTS

### 1. COUNT ONE-Federal Civil Rights Violation

30.     Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1 through 29 of this Complaint, as if fully re alleged herein.

31.     During all times mentioned herein, all Defendants herein separately and in concert, engaged in illegal conduct herein mentioned, to the injury of Charles Barnes, causing serious bodily injuries and suffering and the wrongful death of Charles Barnes, thereby depriving Plaintiffs Porter and Barnes of their then existing and clearly established rights, privileges, and immunities secured to them by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and the laws of the United States, under circumstances in which no reasonable officer, officers or supervisors, would have failed to realize that such activity constituted a violation of Plaintiffs' rights.

32.     All Defendants named herein are agents and employees of the Defendant, Prince George's County, acting under color of law, have subjected Plaintiff Barnes to conduct constituting use of excessive force, police misconduct, use of unnecessary force, and use of deadly force, in denial of rights, privileges, and immunities guaranteed to Plaintiffs and other

7

citizens by the Constitution of the United States.

33.     All Defendants' wrongful conduct consists of individual acts of excessive force, police misconduct, police brutality, false arrest, false imprisonment, improper supervision, use of unreasonable force and use of deadly force, specifically including, but not limited to, shooting Charles Barnes, from which police gunshot wound Charles Barnes did subsequently die; failure to follow proper protocol; failure to use appropriate non-deadly force; failure to use reasonable conduct; failure to take appropriate and reasonable steps which would reasonably have prevented the need to use force (deadly force) in the first place, failure to adequately assess the need to use force, failure to adequately assess the need for self-defense, failure to reasonably warn Charles Barnes, deceased, either by vocal command or other means, of the potential use of force and deadly force, and failure to carry out proper police procedure and protocol, which were visited on Charles Barnes, deceased, by Defendants Prince George's County, Padgett and High, agents and employees of Defendant Prince George's County, acting under color of law. These acts of violence, including deadly force, while carried out under color of law, have no justification or excuse in law, and are instead gratuitous, illegal, improper, objectively unreasonable, and unrelated to any activity in which police officers may appropriately and legally engage in the course of protecting persons or property or ensuring civil order.

34.     The wrongful acts of Defendants alleged herein, clearly violated United States Constitutionally, guaranteed rights of the Plaintiffs, and were not objective, reasonable, and were done under circumstances in which no reasonable officer(s) would fail to realize that his or her conduct was a violation of Plaintiffs' rights.

8

35.     All Defendants had actual knowledge or in the reasonable and diligent exercise of their duties should have known, of the aforesaid acts of each of the respective Defendants, as they were all involved in or caused the police shooting and wrongful death of Charles Barnes.

36.     All Defendants acted negligently, wantonly, recklessly, and with deliberate indifference, including failure to properly supervise and failure to intervene therein, to prevent the aforesaid violations of Charles Barnes and Plaintiffs' clearly established and then existing rights under the law and Constitution of the United States and other rights, and failure to prevent the harmful police shooting and subsequent death of Charles Barnes.

37.     All Defendants are being sued because Defendants negligently hired and negligently separately and individually trained Defendant Padgett and High, without which negligence, Padgett and High would not have harmed, injured, shot and subsequently killed Plaintiff, Charles Barnes.

38.     All Defendants individually and in concert with each other, acted outside the scope of their jurisdiction and without authority of law, and particularly, Defendants Padgett and High, acting separately and in concert, acted willfully, knowingly and purposefully with specific intent, to deprive the Plaintiffs and Charles Barnes, deceased, of their rights, privileges, and immunities secured to them by the Constitution of the United States, including, but not limited to the following: freedom from illegal detention or imprisonment, freedom from unreasonable force, freedom from physical abuse freedom from deadly force, coercion and intimidation, the right to due process, the right to life, the right to liberty, and the right to

9

property. All of these rights are secured Charles Barnes, deceased, by the provisions of the

Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title

42 United States Code §§ 1983 and 1988 and by Title 19 United States Code § 245.

39.     The acts alleged herein were intentionally performed by all Defendants

without legal justification or excuse, but with malice and an evil or rancorous motive influenced

by hate, the purpose being to deliberately and willfully injure and kill Charles Barnes, deceased.

40.     As a direct and proximate result of the aforesaid acts of the Defendants,

Charles Barnes, deceased, suffered substantial pain and suffering and bodily injuries about her

chest, body and limbs, and Plaintiffs suffer present and future mental anguish, present and future

loss of work, wages and property, present and future medical care and treatment, and pain and

suffering.

41.     As a direct and proximate result of the aforesaid acts of Defendants,

Charles Barnes, deceased, was falsely shot with a police bullet and suffered past and future loss

of work and psychological damage, pain and suffering, and which shooting resulted in Charles'

wrongful death.

**WHEREFORE,** Plaintiffs demand judgment against Defendants Prince George's

County, Padgett and High, jointly and severally, in the amount of Thirty Million Dollars

($30,000,000.00) in compensatory damages and, jointly and severally against all Defendants for

punitive damages in the amount of Fifty Million Dollars ($50,000,000.00), plus interest, pre-

judgment interest, post-judgment interest, attorneys fees and costs.

COUNT II – MARYLAND CIVIL RIGHTS

10

42.    Plaintiffs adopt and incorporate by reference the allegations contained in

paragraphs 1 through 41 as if fully re-alleged herein.

43.    This is in part, an action to redress the deprivation under color of statute,

ordinance, regulation, custom, or usage of a right, privilege, and immunity secured to the Plaintiffs

by the United States Constitution and laws of the Prince George's County.

44.    During all relevant times mentioned herein, all Defendants, separately and in

concert, engaged in the illegal conduct herein mentioned, to the injury and subsequent killing of

Charles Barnes, deceased, as alleged by Plaintiffs **Barnes and Porter**, to deprive Plaintiffs and

Charles Barnes of their then existing and clearly established rights, privileges and immunities

secured to them by the United States Constitution and the laws of the Prince George's County.

45.    All Defendants are being sued because it negligently hired and negligently trained

Padgett and High, without which negligence Defendant Padgett, would not have harmed, injured,

shot, and subsequently killed Charles Barnes.

46.    All Defendants acting under color of law, have subjected the Plaintiffs to

conduct consisting of unreasonable, unnecessary, excessive force, deadly force, and police

misconduct and false imprisonment, in denial of rights, privileges and immunities guaranteed to

Charles Barnes, deceased, by the United States Constitution and laws of the Prince George's

County.

47.    This conduct consists of individual acts of excessive force, police

misconduct, police brutality, improper supervision, use of unreasonable force and use of deadly

force, specifically including, but not limited to, shooting Charles Barnes from which police

11

gunshot wrongfully wounded Charles Barnes who subsequently died, failure to take appropriate and reasonable steps which would reasonably have prevented the need to use force (deadly force) in the first place, failure to adequately assess the need to use force, failure to adequately assess the need for self-defense, failure to warn Charles Barnes, deceased, either by vocal command or other means, of the potential use of force and deadly force, and failure to carry out proper police procedure and protocol, which were visited on the Charles Barnes, deceased by Defendants Padgett and High agents and employees of Defendant, Prince George's County, acting under color of law. These acts of violence, including deadly force, while carried out under color of law have no justification or excuse in law, and are instead gratuitous, illegal, improper, objectively unreasonable, and unrelated to any activity in which police officers may appropriately and legally engage in the course of protecting persons or property or ensuring civil order.

48.    The acts alleged herein violated clearly established constitutional rights of the Plaintiffs and were not objective, reasonable and were done under circumstances in which no reasonable officer would fail to realize that his or her conduct was a violation the Plaintiffs' rights.

49.    All Defendants had actual knowledge or in the reasonable and diligent exercise of their duties should have known, of the aforesaid acts of each of the respective Defendants, as they were all involved in the police shooting and wrongful death of Charles Barnes.

50.    All Defendants acted negligently, wantonly, recklessly, and with deliberate indifference, including failure to properly supervise and failure to intervene therein, to prevent the aforesaid violations of Charles Barnes's clearly established and then existing rights under the

12

law and Constitution of the United States and other rights, and failure to prevent the harmful, police shooting and subsequent death of Charles Barnes.

51. All Defendants, individually and in concert with each other, acted outside the scope of their jurisdiction and without authority of law, and particularly Defendants Padgett and High, acting individually and in concert, acted willfully, knowingly, and purposefully with specific intent, to deprive the Plaintiffs and Charles Barnes, deceased of their rights, privileges, and immunities secured to them by the Constitution of the United States, including, but not limited to, the following: freedom from illegal detention or imprisonment; freedom from unreasonable force; freedom from physical abuse, freedom from deadly force, coercion, and intimidation; the right to due process; the right to life; the right to liberty; and the right to property. All of these rights are secured to the Charles Barnes, deceased by the provisions of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 United States Code § 1983 and 1988; and by Title 18 United States Code § 245.

52. The acts alleged herein were intentionally performed, without legal justification or excuse, but with malice and an evil or rancorous motive influenced by hate, the purpose being to deliberately and willfully injure and kill Charles Barnes, deceased.

53. As a direct and proximate result of the aforesaid acts of the Defendants, Charles Barnes, deceased, suffered substantial pain and suffering and bodily injury about her head, body and limbs, and Plaintiffs suffers present and future mental anguish, present and future loss of work, wages and property, present and future medical care and treatment, and pain and suffering.

54. As a direct and proximate result of the aforesaid acts of Defendants,

13

Charles Barnes, deceased, was falsely arrested, falsely imprisoned, assaulted, battered, shot with a police bullet and suffered past and future loss of work and psychological damage and which shooting resulted in Charles Barnes's wrongful death.

55.    All Defendants, individually and in concert with each other, acted outside the scope of their jurisdiction and without authority of law, and particularly Defendants Padgett and High, acting individually and in concert, acted willfully, knowingly, and purposefully with specific intent, to deprive the Plaintiffs and Charles Barnes, Deceased of their rights, privileges, and immunities secured to them by the Constitution of the United States, including, but not limited to, the following: freedom from illegal detention or imprisonment; freedom from unreasonable force; freedom from physical abuse, freedom from deadly force, coercion, and intimidation; the right to due process; the right to life; the right to liberty; and the right to property. All of these rights are secured to the Charles Barnes, deceased by the provisions of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 United States Code § 1983 and 1988; and by Title 18 United States Code § 245.

**WHEREFORE,** Plaintiffs demand judgment against Defendants, Prince George's County, Padgett and High, jointly and severally, in the amount of thirty million dollars ($30,000,000.00) in compensatory damages and, jointly and severally against all Defendants punitive damages in the amount of fifty million dollars ($50,000,000.00), plus interest, pre-judgment interest, post-judgment interest, attorneys fees and costs.

COUNT III– WRONGFUL DEATH

14

56.    Plaintiffs adopts and incorporates by reference, the allegations contained in Paragraphs 1 through 55 of this Complaint, as if fully re-alleged herein.

57.    During all times mentioned herein, Defendants Prince George's County, Padgett and High, individually and in concert, engaged in illegal conduct herein mentioned, to the injury of Charles Barnes, causing serious bodily injuries and suffering and the wrongful death of Charles Barnes, thereby depriving Plaintiffs and other family members of Charles Barnes represented by Plaintiffs Archie Porter of their then existing and clearly established rights, privileges, and immunities secured to them by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and the laws of the United States, under circumstances in which no reasonable officer, officers or supervisor would have failed to realize that such activity constituted a violation of Plaintiffs' right.

58.    All Defendants who are agents and employees of the Defendant, Prince George's County, acting under color of law, have subjected the Plaintiffs to conduct constituting use of excessive force, police misconduct, use of unnecessary force, and use of deadly force, in denial of rights, privileges, and immunities guaranteed to the Plaintiffs, and other citizens, by the Constitution of the United States.

59.    All Defendants, separately and in concert with each other, acted outside the scope of their jurisdiction and without authority of law, and particularly Defendant Padgett and High, acting individually and in concert, acted maliciously, willfully, knowingly, and purposefully with specific intent, to deprive Charles Barnes of **his** life which Defendants took wrongfully and unlawfully and to deprive Plaintiffs and Charles Barnes of his life which Defendants took

15

wrongfully and unlawfully and to deprive Plaintiffs and Charles Barnes, deceased, of their rights,

privileges, and immunities secured to them by the Constitution of the United States, including,

but not limited to the following: freedom from illegal detention or imprisonment; freedom from

unreasonable force; freedom from physical abuse; freedom from deadly force, coercion, and

intimidation; the right to due process; the right to life; the right to liberty; and the right to

property. All of these rights are secured to Charles Barnes, deceased by the provisions of the

Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title

42 United States Code § 1983 and 1988; and by Title 18 United States Code § 245.

60.     The acts alleged herein were intentionally performed, without legal justification or

excuse, but with malice and an evil or rancorous motive influenced by hate, the purpose being to

deliberately and willfully injure and kill Charles Barnes, deceased.

61.     This is, in part, an action to redress the deprivation under color of statute,

ordinance, regulation, custom, or usage of right, privilege, and immunity secured to Plaintiffs by

the United States Constitution and the laws of the Prince George's County, including but not

limited to the Wrongful Death Act D.C. Code 1973 §16-2701 to 2703 et. seg.

62.     During all relevant times mentioned herein, all Defendants, separately and in

concert, engaged in the illegal conduct herein mentioned, injure and subsequently wrongfully kill

Charles Barnes, deceased, as alleged by Plaintiffs Porter and Barnes on behalf of the said minor

children and all family members of Charles Barnes, to deprive Plaintiffs and Charles Barnes of

their then existing and clearly established rights, privileges, and immunities secured to them by

the United States Constitution and the laws of the Prince George's County.

16

63.    All Defendants, separately and in concert with each other, acted outside the scope of their jurisdiction and without authority of law, and particularly Defendant Padgett and High, acting separately and in concert, acted willfully, knowingly, and purposefully with specific intent, to deprive the Plaintiffs and Charles Barnes of their rights, privileges, and immunities secured to them by the Constitution of the United States, including, but not limited to, the following: freedom from illegal detention or imprisonment; freedom from unreasonable force; freedom from physical abuse, freedom from deadly force, coercion, and intimidation; the right to due process; the right to life; the right to liberty; and the right to property. All of these rights are secured to Charles Barnes, deceased by the provisions of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 United States Code § 1983 and 1988; and by Title 18 United States Code § 245.

64.    All Defendants are being sued because they negligently hired and negligently trained Padgett, without which negligence Defendant Padgett would not have harmed, injured, shoot, and subsequently killed Charles Barnes.

65.    All Defendants, actions alleged herein were intentionally performed, without legal justification or excuse, but with malice and an evil or rancorous motive influenced by hate, the purpose being to deliberately, willfully injure and case the wrongful death of Charles Barnes deceased.

**WHEREFORE,** Plaintiffs demand judgment against Defendant, Prince George's County, Padgett and High, jointly and severally, in the amount of thirty million dollars ($30,000,000.00) in compensatory damages and jointly and severally against all Defendants for

punitive damages in the amount of fifty million dollars ($50,000,000.00), plus interest,

prejudgment interest, post judgment interest, attorneys fees and costs.

## COUNT V – NEGLIGENCE

66.    Plaintiffs adopts and incorporates by reference, the allegations contained in

Paragraphs 1 through 65 of this Complaint, as if fully realleged herein.

67.    All of these rights which were violated by all Defendants were secured to the

Plaintiffs by the provisions of the Fourth, Fifth and Fourteenth Amendments to the Constitution

of the United States, and by Title 42 United States Code § 1983 and 1988; and by Title 18 United

States Code § 245.

68.    During all relevant times mentioned herein, all Defendants, individually and in

concert, engaged in the illegal conduct herein mentioned, to injure and subsequently wrongfully

killed Charles Barnes, Deceased, as alleged by Plaintiffs **Barnes and Porter** to deprive Charles

Barnes and Plaintiffs of their then existing and clearly established rights, privileges, and

immunities secured to them by the United States and the Prince George's County laws.

69.    All Defendants jointly and severally had a duty to act with reasonable care so as

not to harm, injure or wrongfully interfere with Charles Barnes on or about April 26, 2003.

70.    Defendants breached their duty by unreasonably causing Defendant **Padgett** to

wrongfully shoot Charles Barnes without cause and without any justification.

71.    Defendants jointly and severally had a duty to act peacefully and safely

for the care of Charles Barnes, a citizen of the United States, which breach of duty was the

proximate cause of Charles Barnes's serious injuries from which wrongful and negligent

18

shooting (including gross negligence and reckless shooting) Charles Barnes subsequently

suffered pain and discomfort then died.

**WHEREFORE,** Plaintiffs demand judgment against Defendants, Prince George's

County, **Brian Padgett, Melvin C. High,** John Doe, jointly and severally, in the amount of thirty

million dollars ($30,000,000.00) in compensatory damages and, jointly and severally against all

Defendants for punitive damages in the amount of fifty million dollars ($50,000,000.00), plus

interest, prejudgment interest, post judgment interest, attorneys fees and costs.

<u>COUNT SIX – ASSAULT AND BATTERY</u>

72.     Plaintiffs adopts and incorporates by reference, the allegations contained in

Paragraphs 1 through 71 of this Complaint, as if fully re-alleged herein.

73.     All Defendants jointly and severally intentionally and recklessly acted

deliberately on April 26, 2003, to cause Charles Barnes serious apprehension and fear of being

seriously harmed, shot and killed.

74.     The harmful conduct and wrongful killing of Charles Barnes was not consented to

by Plaintiffs or Charles Barnes, Deceased and Charles Barnes did nothing to justify or permit the

harm and wrongful death he suffered by the wrongful conduct by these Defendants.

75.     All Defendants jointly and severally intentionally and recklessly, in concert and

individually, acted deliberately to harm, and did harm and subsequently kill, Charles Barnes.

76.     The harmful conduct and wrongful killing of Charles Barnes were

19

wrongful against Plaintiffs and Charles Barnes, deceased and Charles Barnes did nothing to

justify or permit the harm and wrongful death he suffered by the wrongful conduct by these

Defendants.

**WHEREFORE,** Plaintiffs demand judgment against Defendants, Prince George's,

Padgett and High, jointly and severally, in the amount of thirty million dollars ($30,000,000.00)

in compensatory damages an, jointly and severally, in the amount of thirty million dollars

($30,000,000.00) in compensatory damages and, jointly and severally against all Defendants for

punitive damages in the amount of fifty million dollars ($50,000,000.00), plus interest,

prejudgment interest, post judgment interest, attorneys fees and costs.

COUNT VII – NEGLIGENT HIRING AND TRAINING

77.     Plaintiffs adopts and incorporates by reference, the allegations contained in

Paragraphs 1 through 76 of this Complaint, as if fully re-alleged herein.

78.     All of these rights which were violated by all Defendants were secured to the

Plaintiffs by the provisions of the Fourth, Fifth and Fourteenth Amendments to the Constitution

of the United States, and by Title 42 United States Code § 1983 and 1988; and by Title 18 United

States Code § 245.

79.     During all relevant times mentioned herein, all Defendants, individually and in

concert, engaged in the illegal conduct herein mentioned, to injure and subsequently wrongfully

killed Charles Barnes, deceased as alleged by Plaintiffs **Barnes and Porter** to deprive Plaintiffs

and Charles Barnes of them by the United States and Prince George's County laws.

20

80.    Defendant Prince George's County had a duty to act with reasonable care in hiring Police Officer **Padgett** and John Doe, his supervisor, so as not to harm, cause harm to citizens such as Charles Barnes in the exercise of their police duties, prior to the wrongful interference, injury and death of Charles Barnes on or about April 27, 2003.

81.    Said Defendant breached its duty by unreasonably hiring Defendant Padgett and High and failing to properly and reasonably train said Defendants, which breach of duty was the proximate cause of the wrongful death of Charles Barnes, deceased.

82.    The pain and suffering and subsequent wrongful killing of Charles Barnes would not have happened had it not been for the negligent, gross negligent hiring and training of Defendants Padgett and High by Defendant, Prince George's County.

83.    These Defendants jointly and severally breached their duty to act peacefully and safely for the care of Charles Barnes, a citizen of the United States, which breach of duty was the proximate cause of Charles Barnes' serious injuries from which wrongful, negligent, wanton and reckless shooting (including gross negligence and malicious shooting) Charles Barnes subsequently suffered then died.

84.    At all relevant times Defendants Padgett and High, were acting as the servant, agent, and employee of Defendant County within the scope of its duty and employment for said Defendant County.

**WHEREFORE,** Plaintiffs demand judgment against Defendants, Prince George's County, Padgett and High, jointly and severally, in the amount of thirty million dollars ($30,000,000.00) in compensatory damages and, jointly and severally against all Defendants for

punitive damages in the amount of fifty million dollars ($50,000,000;00), plus interest,

prejudgment interest, post judgment interest, attorneys fees and costs.

### COUNT VIII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

85. Plaintiffs adopts and incorporates by reference, the allegations contained in the

Paragraphs 1 through 84 of this Complaint, as if fully re-alleged herein.

86.    All Defendants' conduct was negligently, recklessly, and gross negligently

committed against Plaintiffs.

87.    Defendants' conduct was extreme and outrageous which shocked the conscience

of the ordinary and reasonable person.

88.    Defendants' conduct caused emotional distress to Plaintiffs.

89.    The emotional distress was and is severe.

**WHEREFORE,** Plaintiffs demand judgment against Defendants, Prince George's

County, **Brian Padgett**, **Melvin High**, John Doe, jointly and severally, in the amount of thirty

million dollars ($30,000,000.00) in compensatory damages and, jointly and severally against all

Defendants for punitive damages in the amount of fifty million dollars ($50,000,000.00), plus

interest, prejudgment interest, post judgment interest, attorneys fees and costs.

### <u>PRAYER FOR JURY TRIAL</u>

**COMES NOW,** Plaintiffs Porter and Barnes their attorneys, Walter L. Blair, Esquire and

respectfully requests a jury trial.

Respectfully submitted,
**BLAIR & LEE, P.C.**

22

By: _____/s/_____

George H. Smith, Esquire
Federal Bar No. 358866
4701 Melbourne Place
College Park, MD 20740
(301) 474-4700
*Counsel for Plaintiffs*

_____/s/_____

Walter L. Blair, Esquire
Federal Bar No. 13296
4701 Melbourne Place
College Park, MD 20740
(301) 474-4700
*Counsel for Plaintiffs*

      I SOLEMNLY AFFIRM UNDER PENALTY OF PERJURY THAT THE CONTENT OF THE FOREGOING COMPLAINT IS TRUE TO THE BEST OF MY PERSONAL KNOWLEDGE, INFORMATION AND BELIEF.

_____/s/_____

ARCHIE PORTER, in his Individual
Capacity, as parent and acting
Personal Representative and Next Friend of
CHARLES BARNES, deceased,
902 Jefferson St. N.E.
Washington, D.C.

WLB/kwC:\My Documents\BLAIR, WALTER\BLAIR, WALTER\Barnes Amended Complaint w6.wpd