

# MEMORANDUM OF UNDERSTANDING
# BETWEEN
## THE PRINCE GEORGE'S COUNTY POLICE DEPARTMENT,
## THE METROPOLITAN POLICE DEPARTMENT
## AND
## THE UNITED STATES MARSHAL
## FOR THE DISTRICT OF COLUMBIA
## FOR COORDINATED BORDER LAW ENFORCEMENT

This Memorandum of Understanding (MOU) is executed by the United States Marshal Service for the District of Columbia (USMSDC) the Metropolitan Police Department of Washington, D.C. (MPD) and Prince George's County, Maryland, a body corporate and politic, on behalf of the Prince George's County Police Department (PGPD).

## I. PURPOSE

The purpose of the MOU is to outline the mission of the Partners on Patrol ("POP") Task Force for coordinated border law enforcement by members of MPD and PGPD. Additionally, this MOU will define relationships between the USMSDC, MPD and the PGDP with regard to law enforcement activities relating to policy, planning and guidance, utilization of resources, training, and media in order to maximize interagency cooperation.

## II. MISSION

The mission of the POP Task Force is to achieve maximum coordination and cooperation in bringing to bear combined resources to effectively implement measures to ensure the safety of the public, visitors and residents along border areas between the District of Columbia and Prince George's County, Maryland. Coordination of resources will result in a unified effort to address criminal activity that is common to those areas on or near the boundaries of the District of Columbia and Prince George's County, Maryland.

Additionally, all participating agencies will coordinate their activities and share information about investigative and law enforcement efforts engaged in the POP Task Force.

## III. ORGANIZATIONAL STRUCTURE

A.     Direction

All parties acknowledge that the POP Task Force is a joint operation in which all participating agencies act as partners in the operation of the POP Task Force. The participants agree to meet at alternating sites located in the 6th & 7th Districts of the Metropolitan Police Department and Districts 3rd & 4th Districts of the Prince George's County Police Department to

conduct roll call, share criminal intelligence information, review deployment strategies, conduct in-service training, and exchange equipment.

    B.    Supervision

The day-to-day operation and administrative control of the POP Task Force will be the responsibility of a *Supervisory Official selected from USMSDC, PGPD, and MPD*. The Supervisory Official will coordinate with federal supervisory personnel where appropriate.

Responsibility and liability for the conduct of the POP Task Force members, both personally and professionally, shall remain with their respective agency.

IV.    **PROCEDURES**

    A.    Personnel

Continued assignment of personnel to the POP Task Force will be based upon performance and will be at the discretion of the respective agency. Each participating agency will be provided with reports as necessary regarding the program, direction, and accomplishment of the POP Task Force.

    B.    Deputation

All local and state law enforcement personnel designated to the POP Task Force shall be subject to background inquiry and may be deputized by the United States Marshals Service following the submission of application for special deputation and, subsequent issuance of special deputation authorization.

    C.    Law Enforcement Activities

Since it is anticipated that cases originating from the POP Task Force arrests will be prosecuted either at the federal, state or, local level, all participating law enforcement agencies shall conform to the requirements of such statutory or common law pending a decision as to a change of venue for prosecution.

    D.    Prosecution

The criteria for determining whether to prosecute a particular violation in federal or state court will focus upon achieving the greatest overall benefit to law enforcement and the community. Any question that arises pertaining to prosecutorial jurisdiction will be resolved through discussions among the parties to this agreement.

## V. MEDIA

All media releases pertaining to the POP Task Force law enforcement activity and/or arrests will be coordinated by the parties to this agreement. No unilateral press releases will be made by any participating agency. No information pertaining to the POP Task Force will be released to the media without mutual approval of all parties to this agreement.

## VI. FUNDING

Prince George's County and the District of Columbia agree to provide the full-time services of its respective personnel for the duration of this operation, and to assume all personnel costs for their POP Task Force representatives, including salaries, overtime payments, and fringe benefits consistent with their respective agency policies and procedures.

## VII. LIABILITY

Unless specifically addressed by the terms of this MOU, all the parties agree to be responsible for the negligent or wrongful acts or omissions of their respective employees. Legal representation by the United States is determined by the Department of Justice on a case-by-case basis. The United States Marshals Service cannot guarantee the United States will provide legal representative to and federal, state or local law enforcement officer.

For the limited purpose of defending claims arising out of activities covered by this MOU, state or local law enforcement officers who have been specially deputized as U.S. Marshals and who are acting within the course and scope of their official duties and assignments pursuant to the MOU, may be considered as an "employee" of the United States government as defined in 28 U.S.C. 2671.

## VIII. DURATION

This MOU shall remain in effect until terminated. If any party to this agreement desires to withdraw from this agreement, a seven (7) day written notice of intent to withdraw shall be provided to all the parties to this agreement.

## IX. MODIFICATIONS

This MOU may be modified at any time by written consent of all parties. Modifications to this MOU shall have no force and effect unless such modifications are reduced to writing and signed by an authorized representative of each participating agency.

## X. LIMITATION

Nothing in this MOU is intended to, or shall be construed to, create enforceable rights in third parties.

PRINCE GEORGE'S COUNTY, MARYLAND

_____   10/04/2004
JACK B. JOHNSON                      Date
COUNTY EXECUTIVE


_____   10-4-04
MELVIN C. HIGH                       Date
CHIEF OF POLICE
PRINCE GEORGE'S COUNTY
POLICE DEPARTMENT


_____   10-4-2004
ANTHONY A. WILLIAMS                  Date
MAYOR
WASHINGTON, DISTRICT OF COLUMBIA


_____   10/04/2004
CHARLES H. RAMSEY                    Date
CHIEF OF POLICE
METROPOLITAN POLICE DEPARTMENT
WASHINGTON, DISTRICT OF COLUMBIA


_____   10/04/2004
GEORGE B. WALSH                      Date
UNITED STATES MARSHAL
FOR THE DISTRICT OF COLUMBIA

## Addendum to Memorandum of Understanding for Coordinated Border Law Enforcement Special Deputation Appointment

Pursuant to Paragraph IX of the original Memorandum of Understanding (MOU) between the Prince George's County Police Department (PGPD), the Metropolitan Police Department (MPD) and the United States Marshals Service for the District of Columbia (USMSDC) for Coordinated Border Law Enforcement executed by the parties in October 2004, this Addendum modifies the terms of the MOU as set forth below. All other terms of the original MOU remain in effect.

- The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) is now a party to the MOU. "ATF" replaces "USMSDC" in the MOU caption, the introductory paragraph, paragraph I, and paragraph III.B.

- Appointment as a Special Deputy United States Marshal is sponsored by the Bureau of Alcohol, Tobacco, Firearms and Explosives.

- The appointment as a Special Deputy United States Marshal is incident to Partners on Patrol, a joint law enforcement initiative of MPD and PGPD.

- The mission for which the appointee has been specially deputized is the investigation of criminal violations of the Gun Control Act of 1968, 18 U.S.C. § 921-930, and the National Firearms Act, 26 U.S.C. §§ 5801-5872 (Federal firearms laws) while engaged in ride-along and patrol activities pursuant to the Partners on Patrol law enforcement initiative.

- MPD and PGPD will notify the ATF Washington, D.C. Field Division ('Washington Field Division) of the date, time and location of ride-along and patrol activities during which the appointee will exercise special deputation authority. ATF will provide a Special Agent to be on duty, as the point-of-contact, for the ride along and patrol activities that day.

- Special deputation authority is limited to those times when the appointee is actively engaged in ride-along and patrol activities pursuant to the Partners on Patrol law enforcement initiative and when an ATF special agent will be on duty, as the point-of-contact, for the ride along, and patrol activities that day.

- Under the authority of this special deputation, the appointee may interview consenting witnesses and take custody of surrendered firearms in connection with the investigation of criminal violations of Federal firearms laws. The special deputation authorizes the appointee to apply for arrest and/or search warrants, and conduct searches for violations of federal firearm laws with consultation with ATF. The ATF special agent point-of-contact is responsible for conducting searches pursuant to warrants and applying for arrest and/or search warrants for violations of Federal firearms laws.

1

- Special deputation authority in no way derogates the appointee's authority to make arrests, conduct searches, apply for warrants or engage in any other investigative or law enforcement activity pursuant to the appointee's authority as a MPD or PGPD law enforcement officer.

- As stated on the Special Deputation Appointment to which this addendum is attached, appointment does not constitute employment by the United States Marshals Service, the Department of Justice or the United States Government. This appointment also does not constitute employment by ATF. To the extent that the appointee is sued in tort for injuries and/or damage to property, arising from actions within the scope of the mission for which the appointee has been specially deputized, the Attorney General may so certify and substitute the United States as defendant as provided by 28 U.S.C. § 2675(d)(1).

_____     5-16-05
JACK B. JOHNSON               Date
COUNTY EXECUTIVE

_____     5-16-05
MELVIN C. HIGH                Date
CHIEF OF POLICE
PRINCE GEORGE'S COUNTY
POLICE DEPARTMENT

_____     5/13/2005
ANTHONY A. WILLIAMS           Date
MAYOR
WASHINGTON, DISTRICT OF COLUMBIA

_____     05/13/2005
CHARLES H. RAMSEY             Date
CHIEF OF POLICE
METROPOLITAN POLICE DEPARTMENT
WASHINGTON, DISTRICT OF COLUMBIA

2

_[signature]_      13 MAY 2005
GEORGE B. WALSH     Date
UNITED STATES MARSHAL
FOR THE DISTRICT OF COLUMBIA

_[signature] John P. Malone_     5/16/05
JOHN P. MALONE     Date:
SPECIAL AGENT IN CHARGE
BUREAU OF ALCOHOL, TOBACCO,
FIREARMS AND EXPLOSIVES
WASHINGTON FIELD DIVISION

3

TOTAL P.04