IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARCHIE PORTER, et al. : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Civil Case No. 1:06-cv-00667-JDB |
| : | |
| PRINCE GEORGE'S COUNTY, MD, et al. : | |
| : | |
| Defendants. : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS PRINCE GEORGE'S COUNTY, MARYLAND,
JACK JOHNSON, AND MELVIN HIGH'S
<u>MOTION TO DISMISS AMENDED COMPLAINT</u>**

COME NOW Defendants, Prince George's County, Maryland, Jack Johnson, and Melvin High, by undersigned counsel hereby submit this memorandum of points and authorities in support of their motion to dismiss Amended Complaint based on lack of personal jurisdiction and venue and for such reasons state as follows:

**I.   <u>BACKGROUND</u>**

On or about April 12, 2006, Plaintiffs, Estate of Charles Barnes and Archie Porter, Personal Representative, filed suit against Defendants, Prince George's County, Maryland, Jack Johnson, County Executive, Corporal Brian Padgett, Individually and in his capacity as a Police Officer at the Third District Police Department, and Melvin High, Individually and in his capacity as the Chief of Police for Prince George's County, Maryland and as Supervisor of Police Officer Brian Padgett.  In a First Amended Complaint and Demand for Jury Trial filed on April 19, 2006, Plaintiffs filed suit against Defendants, Prince George's County, Maryland; Jack Johnson, County Executive; Corporal Brian Padgett, Individually and in his capacity as a Police Officer at the Third District Police

Department; and Melvin High, Individually and in his capacity as the Chief of Police for Prince George's County, Maryland and as Supervisor of Police Officer Brian Padgett. In the First Amended Complaint, Plaintiffs allege violations of the Federal constitution and Maryland constitution along with Maryland common law torts associated with the shooting of Charles Barnes on or about April 23, 2005 and his subsequent death on or about April 30, 2005. Prince George's County, Maryland was served on May 4, 2006, Jack Johnson was served on May 3, 2006, and Melvin High was served on May 8, 2006.

On the evening of April 23, 2005, at approximately 10:30 p.m., the decedent, Charles Barnes, had left his sister's house and went to visit his cousin to play cards. See First Amended Complaint ¶11. About thirty minutes later, Charles Barnes went outside and fired a gun three times. See First Amended Complaint ¶12. Subsequently, Defendant Corporal Brian Padgett arrived on the scene and a shooting incident occurred between Charles Barnes and Defendant Corporal Brian Padgett in Prince George's County, Maryland. See First Amended Complaint ¶¶3 and 15-22.

"Deceased Charles Barnes lived in Prince George's County, his father [Plaintiff] Archie Porter, and at all times relevant, lived in Prince George's County." See First Amended Complaint ¶1. Further, the Defendant Prince George's County, Maryland is a Maryland Municipality and Defendants Jack Johnson, Corporal Brian Padgett, and Melvin High are residents of the State of Maryland and work in Prince George's County, Maryland. Plaintiffs have invoked both federal question and diversity of citizenship (See First Amended Complaint ¶9) and assert, without any basis, that venue is proper in the District of Columbia pursuant to 28 U.S.C. §1391. See First Amended Complaint ¶7.

Defendants, Prince George's County, Maryland, Jack Johnson, and Melvin High, respectfully

2

submit that this Honorable Court lacks personal jurisdiction over them, and venue is not proper in the District of Columbia.

## II. ARGUMENT

### A. This Court Lacks Personal Jurisdiction over Defendants.

In this case, the Court lacks personal jurisdiction over Defendants, Prince George's County, Maryland, Jack Johnson, and Melvin High. Defendant Prince George's County, Maryland is a Maryland Municipality and Defendants Jack Johnson, Corporal Brian Padgett, and Melvin High are residents of the State of Maryland and work in Prince George's County, Maryland. Furthermore, the shooting incident referenced in Plaintiffs' Amended Complaint occurred in Prince George's County, Maryland.

The law of the District of Columbia controls the question of whether this Court has personal jurisdiction over Defendants, Prince George's County, Maryland, Jack Johnson, and Melvin High. Jennings v. Coutsdoudis, 941 F. Supp. 5 (D.D.C. 1996), affirmed without opinion, 1997 U.S. App. LEXIS 19039 (D.C. Cir. 1997). District of Columbia Court Rules Annotated §13-422 provides for personal jurisdiction based upon enduring relationship and §13-423 provides personal jurisdiction based upon conduct. Specifically, the District of Columbia Court Rules Annotated §13-422 provides that "[a] District of Columbia court may exercise personal jurisdiction over a person domiciled in, organized under the laws of, or maintaining his or its principal place of business in, the District of Columbia as to any claim for relief." In this case, there are no allegations that could cause any of the Defendants, Prince George's County, Maryland, Jack Johnson, Brian Padgett, or Melvin High, to be subject to personal jurisdiction in the District of Columbia.

Furthermore, the District of Columbia Court Rules Annotated §13-423 provides the

following:

    (a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's --

        (1) transacting any business in the District of Columbia;

        (2) contracting to supply services in the District of Columbia;

        (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;

        (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;

        (5) having an interest in, using, or possessing real property in the District of Columbia;

        (6) contracting to insure or act as surety for or on any person, property, or risk, contract, obligation, or agreement located, executed, or to be performed within the District of Columbia at the time of contracting, unless the parties otherwise provide in writing; or

        (7) marital or parent and child relationship in the District of Columbia if:

            (A) the plaintiff resides in the District of Columbia at the time the suit is filed;

            (B) such person is personally served with process; and

            (C) in the case of a claim arising from a marital relationship:

                (i) the District of Columbia was the matrimonial domicile of the parties immediately prior to their separation, or

                (ii) the cause of action to pay spousal support arose under the laws of the District of Columbia or under an agreement executed by the parties in the District of Columbia; or

            (D) in the case of a claim affecting the parent and child relationship:

                (i) the child was conceived in the District of Columbia and such person is the parent or alleged parent of the child;

                (ii) the child resides in the District of Columbia as a result of the acts, directives, or approval of such person; or

                (iii) such person has resided with the child in the District of Columbia.

      (E) Notwithstanding the provisions of subparagraphs (A) through (D), the court may exercise personal jurisdiction if there is any basis consistent with the United States Constitution for the exercise of personal jurisdiction.

(b) When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

Based upon the foregoing long-arm statute, there are no allegations that could be the basis of personal jurisdiction over Defendants Prince George's County, Maryland, Jack Johnson, and Melvin High. The incident referenced in Plaintiffs' Amended Complaint arises out of a shooting that occurred in Prince George's County, Maryland and the State of Maryland between a police officer employed by Prince George's County, Maryland, Defendant Corporal Brian Padgett, and a resident of Prince George's County, Maryland, decedent, Charles Barnes. There is no nexus with the District of Columbia other than the fact that Plaintiff Archie Porter now resides in the District of Columbia. At all times relevant to the incident referenced in the Amended Complaint, Plaintiff Archie Porter and decedent, Charles Barnes, resided in Maryland. See First Amended Complaint ¶1. It should be noted that Plaintiffs asserted additional jurisdictional grounds in the District of Columbia based upon Memorandum of Understanding between Prince George's County Police Department, the District of Columbia, and the United States Marshal for the District of Columbia for Coordinated Border Law Enforcement dated 5/13/05 and 5/16/05. However, the incident referenced in Plaintiffs' Amended Complaint involved a shooting in Prince George's County, Maryland and did not deal with border law enforcement with the District of Columbia and the United States Marshal.

Accordingly, based on the foregoing reasons, Plaintiffs' Amended Complaint should be dismissed in its entirety as against Defendants Prince George's County, Maryland, Jack Johnson, and Melvin High.

    **B.**    **The District of Columbia Is Not The Proper Venue.**

According to Plaintiff, "[v]enue is proper pursuant to 28 U.S.C. Section 1391." See First Amended Complaint ¶7. Since Plaintiffs' Amended Complaint filed with this Court was not founded solely on diversity of citizenship (See First Amended Complaint ¶9), the relevant statutory provision that governs civil actions where jurisdiction is not founded solely on diversity of citizenship is 28 U.S.C.A. §1391(b), which states the following:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

In this case, Plaintiffs do not allege any facts that would support a finding that venue is proper in the District of Columbia. There is no allegation that any of the Defendants reside in the District of Columbia. Furthermore, the shooting incident giving rise to the claims made in the Amended Complaint occurred in Prince George's County, Maryland. Thus, the District of Columbia is not proper venue. It is of no consequence that Plaintiff Archie Porter resides in the District of Columbia.

Furthermore, subparagraph (3) of 28 U.S.C.A. §1391(b) is not applicable because there is another district in which this action may otherwise be brought. This action may be brought in the district in which a substantial part of the events occurred. In this case, all of the events occurred in Prince George's County, Maryland--where the shooting giving rise to the above captioned lawsuit occurred. Accordingly, venue is improper in the District of Columbia.

Challenges to venue must be carefully reviewed in order to "guard against the danger that a Plaintiff might manufacture venue in the District of Columbia." Cameron v. Thornburgh, 983 F.2d

6

253, 256 (D.C. Circuit, 1993). By filing this action in the District of Columbia, Plaintiffs are attempting to manufacture venue in the District of Columbia. As the District of Columbia is not the proper venue, this matter should be dismissed. *See* Polizzi v. Cowles Magazine, Inc., 345 U.S. 663, 73 S.Ct. 900, 902 (1953), *clarification denied* 345 U.S. 988, 73 S.Ct. 1128 (where Supreme Court held that if requirements of Section 1391 are not satisfied, then dismissal may be justified if a timely objection to the venue is interposed). *See also* 28 U.S.C.A. §1406(a).

### III.   CONCLUSION

Due to the lack of personal jurisdiction over these Defendants, Prince George's County, Maryland, Jack Johnson, and Melvin High, and venue is improper in the District of Columbia, this case must be dismissed.

WHEREFORE, Defendants, Prince George's County, Maryland, Jack Johnson, and Melvin High, respectfully request this Court Dismiss this claim against them.

Respectfully submitted,

**DAVID S. WHITACRE**
**COUNTY ATTORNEY**

**MARY C. CRAWFORD**
**DEPUTY COUNTY ATTORNEY**


By: _____/s/_____
Alice S. Chong, D.C. Bar # 459682
Associate County Attorney
**PRINCE GEORGE'S COUNTY**
**OFFICE OF LAW**
14741 Gov. Oden Bowie Drive
Suite 5121
Upper Marlboro, Maryland 20772
301-952-5225 (voice)
301-952-3071 (facsimile)
Attorney for Defendants

Prince George's County, Maryland,
Jack Johnson, and Melvin High