UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARCHIE PORTER, et al. ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. 1:06-cv-00667-JDB |
| ) | |
| PRINCE GEORGE'S COUNTY ) | |
| GOVERNMENT, et al., ) | |
| ) | |
| Defendant ) | |
| _____) | |

### PLAINTIFF'S, THE ESTATE OF CHARLES BARNES', OPPOSITION TO DEFENDANT'S, PRINCE GEORGE'S COUNTY, MARYLAND'S, MOTION TO DISMISS AMENDED COMPLAINT

COMES NOW, Plaintiff, Archie Porter, by and through counsel, and opposes Defendant's Motion to Dismiss Amended Complaint and for cause states as follows:

1. The Defendant, Prince George's County, Maryland mistakenly filed their Motion to Dismiss on the basis that the decedent, Charles Barnes, was a resident of the State of Maryland.

2. At the time of his death, at the hand of Defendants' employee, Mr. Barnes resided with his father, Archie Porter, at 920 Jefferson Street, N.E., Washington, D.C. and his estate is being probated in the District of Columbia.

3. Jurisdiction and Venue are proper in the Courts of the District of Columbia pursuant to D.C. Code § 13-423(a)(e)..

Respectfully submitted,

BLAIR & LEE, P.C.

By _____/s/_____
George H. Smith, Esquire
Federal Bar No. 358866

4701 Melbourne Place
College Park, Maryland  20740
(301) 474-4700


_____/s/_____
Walter L. Blair, Esquire
Federal Bar No .471051
4701 Melbourne Place
College Park, Maryland  20740
(301) 474-4700

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARCHIE PORTER, et al. ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. 1:06-cv-00667-JDB |
| ) | |
| PRINCE GEORGE'S COUNTY ) | |
| GOVERNMENT, et al., ) | |
| ) | |
| Defendant ) | |
| _____) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT**

D.C. Code § 13-423 (a)(E) provides: "Notwithstanding the provisions of subparagraphs (A) through (D), the court may exercise jurisdiction if there is any basis consistent with the United States Constitution for the exercise of personal jurisdiction."

That general section would allow the exercise of jurisdiction along the lines of "minimal contacts" or other similar conduct by the Defendants where it would be constitutionally appropriate for the Court in the District of Columbia to assert jurisdiction over them.  There are cases in the District of Columbia, both on the local and Federal level, indicating that jurisdiction based on these general rules could be asserted over the individual Defendants by virtue of their status as police officers, and thus over the municipalities through vicarious liability when the police officers' alleged negligent actions were committed in the course of employment for or with these municipalities.

*Steinburg v. International Criminal Police Organization*, 103 F.R.D. 392 (D.D.C. 1984) the District Court possessed sufficient personal jurisdiction over Interpol to impose sanctions for its six-year refusal to comply with Federal rules, since Interpol's frequent contact and close relationship

with the Justice Department amply satisfied "minimum contacts" threshold, and plaintiff made a strong prima facie showing of personal jurisdiction.

In *Rochon v. FBI,* 691 F. Supp. 1548 (D.D.C. 1988) the long arm statute in the District of Columbia provided personal jurisdiction over FBI agents named in a civil rights complaint, since these agents worked in the District, and through affirmative association of activities located in the District, agents availed themselves of the privilege of conducting activities there, thus invoking the benefits and protections of District law and creating the reasonable anticipation that the defendants could answer in a District of Columbia court for their activities.

In *Dooley v. United Technologies, Inc.*,803 F. Supp. 428 (D.D.C. 1992) an employer was transacting business in the District of Columbia, for purposes of the long arm statute, when the corporation developed and implemented a scheme to sell certain military equipment to Saudi Arabia without the permission of the United States government, and so the employer was subject to the jurisdiction being asserted over it by a District of Columbia Court.

In *Hughes v. A.H. Robbins Co., Inc.*, 490 A.2d 1140 (D.C. 1985), in deciding personal jurisdiction over a nonresident defendant in a products liability case, focus is on whether the defendant corporation can reasonably foresee that it may be sued in the forum state, rather than merely whether the product itself would be purchased and used in the forum state.

And finally, in *Shoppers Food Warehouse v. Moreno*, 746 A.2d 320 (D.C. 2000), a slip and fall situation in a grocery store in Maryland but near the District of Columbia allowed for a District of Columbia court to assert personal jurisdiction over the grocery store and corporation, in that there was a discernible relationship between the grocery store's business activities and the District due mostly to advertising that the grocery store conducted in the District.

## **CONCLUSION**

From these cases, Plaintiff submits, that the Defendants have engaged in minimal contacts with the District of Columbia as evidenced by the Memorandum of Understanding executed between the District of Columbia and Prince George's County, which is attached to the Amended Complaint and made a part thereof, which provides for regular contacts between the two jurisdictions in regards to law enforcement. The fact that the Memorandum authorizes the Defendant to engage in law enforcement activities within the District of Columbia provides this Court a sufficient basis to maintain personal jurisdiction over the Defendant.

                                       Respectfully submitted,
                                       BLAIR & LEE, P.C.

By _____/s/_____
      George H. Smith, Esquire
      Federal Bar No. 358866
      4701 Melbourne Place
      College Park, Maryland  20740
      (301) 474-4700

      _____/s/_____
      Walter L. Blair, Esquire
      Federal Bar No .471051
      4701 Melbourne Place
      College Park, Maryland  20740
      (301) 474-4700

**CERTIFICATE OF E-FILING**

I HEREBY CERTIFY that on this 26th day of May, 2006 a copy of the foregoing Plaintiff's, The Estate of Charles Barnes', Opposition to Defendant's, Prince George's County, Maryland's, Motion to Dismiss Amended Complaint, was e-filed and so served upon Alice S. Chong, Associate County Attorney, 14741 Governor Oden Bowie, Drive, Suite 5121, Upper Marlboro, Maryland 20772.

_____/s/_____
George H. Smith, Esquire

GHS/kw C:\My Documents\BLAIR, WALTER\BLAIR, WALTER\Porter Opposition to Motion to Dismiss w6.wpd

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARCHIE PORTER, et al. ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. 1:06-cv-00667-JDB |
| ) | |
| PRINCE GEORGE'S COUNTY ) | |
| GOVERNMENT, et al., ) | |
| ) | |
| Defendant ) | |
| _____) | |

## ORDER

UPON CONSIDERATION of Defendant's, Prince George's County, Maryland's, Motion to Dismiss Amended Complaint, opposition thereto, and it appearing to the Court that good cause is shown why Defendant's, Prince George's County, Maryland's, Motion to Dismiss Amended Complaint should be denied, it is on this _____ day of _____, 2006,

ORDERED, that Defendant's, Prince George's County, Maryland's, Motion to Dismiss Amended Complaint is DENIED.

_____
JUDGE, U.S. DISTRICT COURT

cc:   George H. Smith, Esquire

   Walter L. Blair, Esquire

   Alice S. Chong, Esquire